**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CIVIL ACTION NO. 08-363-JBC**

**ETHEL HOWARD,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,** **DEFENDANT.**

* * * * * * * * * * *

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB") (R. 12, 13). The court will deny the plaintiff's motion and grant the defendant's motion.

**I. Overview of the Process**

Judicial review of the decision of an Administrative Law Judge ("ALJ") to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Servs.,* 889 F.2d 679, 681 (6th Cir. 1989) (citations omitted). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y Health & Human Servs.* 25 F.3d 284, 286 (6th Cir. 1994). The court does

not try the case *de novo*, resolve conflicts of evidence, or decide questions or credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ conducts a five-step analysis when making a disability determination. At step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at step 3, the ALJ analyzes whether these impairments, singly or combined, meet or equal a listing in the Listing of Impairments; at step 4, the ALJ determines whether the claimant can perform past relevant work; and finally, at step 5 – the step at which the burden of proof shifts to the Commissioner – once it is established that the claimant cannot perform past relevant work, the ALJ determines whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 603 (6th Cir. 2009); 20 C.F.R. § 404.1520.

**II.      The ALJ's Determination**

At the time of the onset of the alleged disability, the plaintiff, Ethel Howard, was a thirty-eight-year-old female. AR 793. She alleges disability beginning on January 15, 2000, due to deteriorating/bulging disks in her lower back. Howard filed her claim for DIB on September 14, 2000. Administrative Law Judge Ronald

M. Kayser denied Howard's DIB application on March 15, 2002, based on his conclusion that the plaintiff was not under a "disability" as defined in the Social Security Act and could perform jobs existing in the national economy. The Appeals Council denied the plaintiff's request for review, and she appealed to the U.S. District Court for the Eastern District of Kentucky. AR 787, 805. Howard filed a second application for Supplemental Security Income on July 18, 2002. AR 776. On June 25, 2003, the court reversed and remanded the denial of Howard's first application due to the ALJ's failure to address Dr. Divyesh Bhakta's determination that she could not balance. AR 808-09. The ALJ considered both applications and issued a consolidated denial decision on September 14, 2004. AR 787-94. The Appeals Council remanded that decision for further development on February 24, 2006. AR 776.

Administrative Law Judge Roger L. Reynolds denied the plaintiff's applications on October 23, 2006. AR 773-80. At step 1, the ALJ found that Howard has not engaged in substantial gainful activity after she filed her application on September 14, 2000. AR 779. At step 2, the ALJ found that Howard suffered from severe impairments, including morbid obesity; chronic low back pain secondary to degenerative disc disease of the lumbar spine; hypothyroidism; insulin-dependent diabetes mellitus; anxiety, not otherwise specified; and depressive disorder, not otherwise specified secondary to bereavement. AR 779-80. At step 3, the ALJ concluded that none of these impairments, singly or in

combination with one another, met or equaled a listing in the Listing of Impairments. AR 780. At step 4, the ALJ found that Howard retained the residual functional capacity for a restricted range of light work. *Id.* Specifically, he determined that: she could lift no more than 20 pounds at a time frequently and could carry objects weighing up to 10 pounds; she required a sit-stand option at 45- to 60-minute intervals; she could not perform jobs that involved climbing ropes, ladders and scaffolds, balancing, kneeling or crouching, frequent changes in work routines, detailed or complex problem solving, independent planning or goal setting, or fast-paced assembly lines; she must avoid exposure to concentrated dust, gases, fumes, smoke, chemicals, temperature extremes or excess humidity; she could perform jobs with occasional climbing of stairs and ramps and occasional crawling or stooping; she could not work at heights or around industrial hazards; and she could handle occasional interaction with the general public. AR 780. Plaintiff now appeals the ALJ's October 23, 2006, denial of her application.

**III. Legal Analysis**

    **A. Remand Order**

Howard contends that (1) the ALJ failed to comply with the remand order and (2) the ALJ's decision is not supported by substantial evidence. When the district court remanded the case for further consideration, it expressed concern that the ALJ did not mention Howard's limitations on balancing to the vocational expert ("VE"), and that this failure could have undermined the accuracy of the VE's

response.  AR 808.  Furthermore, the court noted that the ALJ failed to cite any rationale for rejecting Dr. Bhakta's prohibition on balancing.  AR 807.  The court went on to require an opinion from a source who has reviewed the entire record and who could provide a sufficient rationale for disagreeing with Dr. Bhakta.  AR 809.

On remand, the second ALJ sufficiently complied with this directive.  Instead of disagreeing with Dr. Bhakta's conclusion that Howard was limited in balancing, the ALJ expressly incorporated that conclusion into his analysis of Howard's residual functional capacity ("RFC").  AR 780 (noting the RFC includes the inability to balance).  In doing so, he obviated the need for an explanation as to why he disagreed with that conclusion.  The ALJ explained that his RFC was generally consistent with the limitations found by the prior ALJ in 2002 and 2004.  AR 780-81.  He attributed this similarity to the stability of Howard's medical condition, specifically that there was no evidence of any significant deterioration in her condition since that time.  AR 780.  He was not required to find otherwise based on the inclusion of plaintiff's balancing limitations.  *See Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) ("the ALJ is charged with . . . evaluating the medical evidence and the claimant's testimony to form an assessment of [her] residual functional capacity.").

Furthermore, the ALJ's hypothetical question to the VE included a limitation of no balancing.  The ALJ asked the VE whether a person of Howard's age,

education and experience with capabilities and restrictions, including "no balancing, kneeling, or crouching," could perform any work. In response, the VE identified jobs in the national economy that Howard could perform. AR 406. Specifically, the VE identified positions such as surveillance-system monitor and order clerk, with the exception of those involving meeting the public in a fast-paced environment. AR 406-07. The ALJ relied on the VE's testimony in concluding that, based on her age, education, work experience, and RFC, Howard could make a "successful adjustment to other work that exists in significant numbers in the national economy." AR 783; AR 405. Because the ALJ included the no-balancing limitation in his RFC analysis and questioned the VE about this limitation, he sufficiently complied with the remand order.

**B. Substantial evidence**

Howard also argues that the ALJ's decision is not supported by substantial evidence. Specifically, she contends that the ALJ failed to clarify the nature and severity of the claimant's functional limitation in the ability to balance while performing work-related activities. R 12. Yet the ALJ posed a hypothetical question to the VE to determine whether Howard could transition to jobs existing in the national economy that involved "no balancing." AR 405-08. "A vocational expert's response to a hypothetical question that accurately portrays the claimant's impairments may provide substantial evidence upon which the ALJ may rely." *Crawford v. Sec'y of Health & Human Servs.*, No. 92-6024, 1993 U.S. App. LEXIS

14931 (6th Cir. June 11, 1993). Thus the VE's testimony, upon which the ALJ relied, constitutes substantial evidence in support of the denial of benefits.

Howard also contends that the denial decision is not supported by substantial evidence because the ALJ found that the plaintiff suffered from severe impairments at step 2, yet ultimately denied her application. Although the ALJ deemed her impairments "severe," he did not find that her impairments individually or combined constituted an impairment in the Listing of Impairments at step 3, and he found at step 5 that she could make an adjustment to other types of work. Furthermore, the Sixth Circuit recently characterized step 2 as "a de minimis hurdle," and noted that only impairments that constitute slight abnormalities or that minimally affect work ability can be considered not severe. *Simpson v. Comm'r of Soc. Sec.*, No. 08-3651, 2009 U.S. App. LEXIS 19206 at *24 (6th Cir. August 27, 2009). Thus the ALJ's finding that Howard was severely impaired did not necessitate a favorable disability determination and does not undermine his denial of her application.

**IV.    Conclusion**

In sum, the ALJ sufficiently complied with the remand order and his opinion was supported by substantial evidence. Accordingly, it is **ORDERED** that the plaintiff's motion for summary judgment (R. 12) is **DENIED** and the defendant's motion for summary judgment (R. 13) is **GRANTED**.

Signed on November 10, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY